UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-v-

Case No. 6:12-cv-812-ORL-22DAB

TRANS UNION LLC; LAW OFFICES OF
ERSKINE & FLEISHER,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S THE LAW OFFICES OF ERSKINE & FLEISHER MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT DIRECTED TO THE PLAINTIFF'S VERIFIED COMPLAINT**

    Plaintiff, Larry Rumbough, hereby responds to Defendant's The Law Offices of Erskine & Fleisher Motion to Dismiss and/or Motion for More Definite Statement Directed to the Plaintiff's Verified Complaint, and states:

    1. Once again, Erskine is deliberately attempting to mislead the Court. Much of his motion is provably false. He also continues his propensity for deliberately refusing to abide by Federal and Local Rules of Procedure. Although labeled a motion to dismiss, Erskine relies on numerous outside documents in violation of F.R.C.P 12(b)(6).

    2. Erskine obtained Plaintiff's credit report without a permissible purpose pursuant to 15 U.S.C. §1681b(f) from Trans Union on April 27, 2005. That is the sole basis for Plaintiff's claim against Erskine in this case.

    3. Erskine's motion relies on a voluminous amount of exhibits, none of which shed any real light on the issues in this case. Erskine seems to confuse the three credit reporting agencies, Equifax, Experian, and Trans Union. Although this case involves only the credit report that Erskine obtained from Trans Union, Erskine discusses at length in his motion documents related to the other two credit reporting agencies that are completely irrelevant to this case.

    4. As the explicit reason for obtaining Plaintiff's credit report, Erskine asserts in his motion that it "was having trouble serving the Oliphant Financial Corporation suit upon the Plaintiff. The Plaintiff was avoiding service per the Sheriff. As a result E&F precipitated the requisite skip efforts to discern the location of the Plaintiff for service."

    5. However, the basis of this lawsuit is a credit inquiry by Erskine from Trans Union on April 27, 2005. This was more than a month before the Oliphant lawsuit was filed. Erskine does

not explain how he could have attempted to locate Plaintiff after May 31, 2005 by obtaining his credit report on April 27, 2005. This is a logical impossibility. Therefore, by his own admission Erskine must have obtained Plaintiff's credit report for an undisclosed, but impermissible, purpose.

6. Plaintiff has never owed a debt to Oliphant Financial and Erskine knows or should know this. Therefore, Erskine could not have had a permissible purpose in attempting to collect an alleged debt that does not exist.

7. Erskine correctly states that Plaintiff filed a third party claim for Erskine's violations of law in the MBNA case in state court. Erskine fabricated an alleged debt and fabricated an arbitration award against Plaintiff in order to pursue that case. He pretended to represent the named Plaintiff, MBNA, in that case but recently has admitted that he actually represented only Mann Bracken, who was not a party to the case. The third party claim did not include violations of FCRA because Plaintiff was not then aware that Erskine had violated FCRA. Nor was Plaintiff aware of this violation when Plaintiff filed his bankruptcy schedules on June 4, 2007, and there is no mention there of a potential FCRA claim against Erskine.

8. Plaintiff discovered Erskine's violation of FCRA within two years before filing the originating Case Number 6:10-cv-00117-ORL-22DAB. There are no statute of limitations issues regarding Plaintiff's claim.

9. Erskine falsely states that an Order was issued in Case Number 6:07-cv-01136-GKS-GJK on all issues expressed in Plaintiff's Complaint. By the time of the order, Plaintiff had already settled his claims with Trans Union and it was not subject to the order. Erskine was not a party to that case so any of its violations could not have been litigated in that case.

WHEREFORE, Plaintiff requests that the Court deny Erskine's Motion to Dismiss, or in the alternative, allow Plaintiff to amend his Complaint.

Dated: August 24, 2012

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 24th day of August, 2012 by U.S. Mail delivery to:

Brian Smith
Gray Robinson
301 E. Pine Street, Suite 1400
Orlando, FL 32801

Stanley B. Erskine
The Law Offices of Erskine & Fleisher
55 Weston Road, Suite 300
Fort Lauderdale, FL 33326


*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859