UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

       **Plaintiff,**

v.                                                                          Case No:  6:12-cv-812-Orl-22DAB

**TRANS UNION LLC and LAW
OFFICES OF ERSKINE & FLEISHER,**

       **Defendants.**

_____/

**ORDER**

This causes comes before the Court on Defendant Law Offices of Erskine & Fleisher's ("E&F") Motion to Dismiss and/or Motion for More Definite Statement Directed to the Plaintiff's Verified Complaint (Doc. No. 8) and Plaintiff's response thereto (Doc. No. 17).[1]

**I.   BACKGROUND FACTS**

On May 29, 2012, Plaintiff Larry Rumbough ("Plaintiff") filed his Verified Complaint against E&F, alleging that on April 27, 2012, E&F obtained from Trans Union LLC Plaintiff's credit report, reducing his credit score.  Plaintiff further alleges that E&F violated the Fair Credit Reporting Act ("FCRA") by obtaining the Plaintiff's consumer report "for an impressible purpose and did not certify the purpose through a general or specific certification."  (Doc. No. 1 at ¶ 13).

**II.   LEGAL STANDARD FOR MOTION TO DISMISS**

---

[1] In making its determination on this pending motion, the Court did not consider any of the extraneous evidence E&F presented in its motion to dismiss and motion for judicial notice.

When deciding a motion to dismiss based on a failure to state a claim upon which relief can be granted, the court must accept as true the factual allegations in the complaint and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam) (citation omitted).

According to *Federal Rule of Civil Procedure* 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

Notwithstanding, a complaint pleaded *pro se* is "held to a less stringent standard than pleadings drafted by attorneys and [is] liberally construed." *Bingham*, 654 F.3d at 1175 (citation and internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

### III. LEGAL STANDARD AND ANALYSIS FOR FCRA CLAIM

The FCRA provides procedures for consumer reports and their verification, placing "distinct obligations on three types of entities: consumer reporting agencies, users of consumer

reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (per curiam).

The FCRA permits credit reporting agencies to provide consumer reports for limited purposes as set forth in 15 U.S.C. § 1681b(a). *See Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1317-1318 (11th Cir. 2009). A person shall not obtain these consumer credit reports for any purpose other than an authorized one. As well, such purpose must be certified in accordance with 15 U.S.C. § 1681e by the prospective user of the report "through a general or specific certification." 15 U.S.C. § 1681b(f). If one obtains a consumer credit report for an impermissible purpose, one may be subject to civil liability under 15 U.S.C. § 1681n if the act was one of willful noncompliance or may be subject to civil liability under 15 U.S.C. § 1681o if the act was one of negligent noncompliance.

Regarding the obtaining of a consumer credit report for an impermissible purpose, Plaintiff in a conclusory manner alleges that E&F "willfully violated § 1618b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, [sic] by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by § 1681b." (Doc. No. 1 at ¶ 28(a)).

E&F argues that Plaintiff has failed to allege facts sufficient to show that E&F accessed for an impermissible purpose a consumer credit report on Plaintiff. (Doc. No. 8 at pp. 7-8).

Plaintiff does list the date on which E&F "obtained Plaintiff's Credit report from Trans Union . . . for an impermissible purpose" (Doc. No. 1 at ¶ 13); however, Plaintiff does not elaborate any further beyond these statements. Because "[t]hreadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice," the Court finds

Plaintiff has failed to plead a plausible claim for relief for a violation of 15 U.S.C. § 1681b(f). *See Iqbal*, 129 S.Ct. at 1949.

Therefore based on the foregoing, it is **ORDERED** as follows:

1. E&F's Motion to Dismiss and/or Motion for More Definite Statement Directed to the Plaintiff's Verified Complaint (Doc. No. 8) is **GRANTED to the extent** Plaintiff fails to plead a plausible claim for relief and all other respects, the motion is **moot**.

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**.

3. E&F's Motion for Judicial Notice of Public Records Pursuant to Rule 201(b) of the Federal Rules of Evidence in Support of the Defendant's Motion to Dismiss and/or Motion for More Definite Statement (Doc. No. 9) is **DENIED as moot**.

4. Plaintiff is **GRANTED** leave to file an amended complaint on or before November 14, 2012. The amended complaint shall not serve as an opportunity to add new claims. Rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein. Failure to file an amended complaint by this date may result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties