**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH,

    Plaintiff,

                                     Case No. 6:12-cv-812-ORL-22DAB

-v-

TRANS UNION LLC; LAW OFFICES OF
ERSKINE & FLEISHER,

    Defendants.

**FIRST AMENDED COMPLAINT**

Plaintiff, Larry Rumbough, hereby sues Defendants, TRANS UNION LLC and LAW OFFICES OF ERSKINE & FLEISHER; and alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, TRANS UNION LLC ("Trans Union"), is a Delaware limited liability company, authorized to do business in Florida.

7. Defendant, LAW OFFICES OF ERSKINE & FLEISHER ("Erskine"), is an unknown entity.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff sent dispute letters regarding inaccuracies on his credit report to Trans Union on January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, August 12, 2008, September 26, 2008, November 21, 2008, January 5, 2009, February 20, 2009, May 15, 2009, and September 25, 2009. The details of Plaintiff's disputes are outlined in those letters.

10. Despite those letters, Trans Union has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following items: "Florida Federal Court 702298", "Florida Federal Court 602700", "First Premier 5178007083290650", "HSBC 5489555113877007", and "HSBC 5488975010100843".

11. Transunion provided Plaintiff's consumer report to Mann Bracken on December 10, 2007, Mann Bracken on January 9, 2008, Pinnacle on April 6, 2009, and Leading Edge on October 7, 2009, among others, without verifying that those entities had a permissible purpose to obtain it.

12. Trans Union failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report.

13. Defendant Erskine obtained Plaintiff's credit reports from Trans Union alleging that he was collecting a legitimate credit account owed by the Plaintiff to either MBN, N.A. or Oliphant Financial LLC.  The Plaintiff has never had a delinquent credit account with either of said entities and did not owe any money to said entities that would have formed the basis of any collection lawsuit that would have given Erskine a permissible purpose to pull Plaintiff's credit report.

14.  Upon inquiring directly to MBNA, N.A. as to whether or not Plaintiff owed them any money that would form the basis of a credit collection lawsuit against the Plaintiff, MBNA admitted that Plaintiff did not owe them any money. The case filed by Erskine against the Plaintiff was then dismissed. Any pulls of Plaintiff's credit reports allegedly for the permissible purpose of collecting a credit account for either MBNA or Oliphant Financial LLC is based on a totally meritless collection suit and therefore without a permissible purpose.

15. On April 27, 2005, Erskine obtained Plaintiff's credit report from Trans Union, thereby reducing his credit score. Erskine used or obtained Plaintiff's consumer report without a permissible purpose as the collection actions alleged to be the basis for said pull was totally without merit and not on any account owed by Plaintiff. Erskine did not certify the purpose through a general or specific certification.

16. At the time that Erskine obtained Plaintiffs credit report, there was ongoing litigation in one or both of two State Court cases involving Plaintiff as a Defendant with Erskine claiming to represent MBNA, N.A. in one and/or Oliphant Financial LLC in another. The MBNA, N.A. state case was heavily litigated with numerous hearings and pleadings. Erskine was in regular contact through the US mail and otherwise with the Plaintiff during this litigation and was well aware of Plaintiff's address at the time he obtained each of Plaintiff's credit reports. Therefore the necessity to locate Plaintiff's whereabouts cannot serve as a permissible purpose for Erskine to obtain Plaintiff's credit reports.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANTS TRANS UNION AND ERSKINE

17. Paragraphs 1 through 13 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of §1681a(c).

19. Trans Union is a consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

20. For, at least, two years preceding this suit through the present, Trans Union has reported and continues to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent tradelines and inquiries.

21. Trans Union reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

22. §1618(n) provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

23. §1681e(b) provides:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

    24. §1681i(a) provides:
"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

    25. §1681i(b) provides:
"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

    26. §1681i(c) provides:
"Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

    27. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

    28. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

29. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

30. Trans Union violated the FCRA. Defendant's violations include, but are not limited to, the following:
 a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;
 b) failing to provide all of the information on file, in violation of §1681(g);
 c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);
 d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);
 e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);
 f) failing to properly advise Plaintiff of his ability to make a consumer explanation;
 g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;
 h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;
 i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;
 j) failing to properly reinvestigate Plaintiff's disputes; and by
 k) concealing from or misrepresenting facts to Plaintiff regarding his report.

31. Erskine violated the FCRA. Defendant's violations include, but are not limited to, the following:
 (a) Erskine willfully or, in the alternative, violated §1681b(f) by using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Trans Union and Erskine for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

                      Respectfully submitted,

                      ___s/ J. Marshall Gilmore____

                      J. Marshall Gillmore, Esq.
                      FBN 840-181
                      Counsel for Plaintiff
                      1936 Lee Road, Suite 100
                      Winter Park, FL  32789
                      Phone 407 629-7322
                      Fax     407 599-3801
                      mgilmore@mgilmorelaw.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 26th day of November, 2012  to all parties via cm/ecf:

                      __s/ J. Marshall Gilmore_____