85348893/FED385RUM1C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LARRY RUMBOUGH

       Plaintiff,

vs.                     Case Number:  6:12-cv-812-Orl-22DAB

TRANS UNION LLC and THE
LAW OFFICES OF ERSKINE &
FLEISHER
          Defendant.

_____/

### *THE LAW OFFICES OF ERSKINE & FLEISHER MOTION TO DISMISS AND MOTION TO STRIKE A SHAM PLEADING AND RENEWED MOTION TO TAKE JUDICIAL NOTICE IN SUPPORT THEREOF*

COMES NOW, the Defendant, THE LAW OFFICES OF ERSKINE &

FLEISHER (herein after referred as "E&F") by and through its undersigned

Counsel and pursuant to Federal Rules of Civil Procedure Rule 8(a), Rule 12(b)

(6) and Rule 12(f) and Renewed Motion to Take Judicial Notice of Public Records

and all other applicable Rules, and hereby requests that this Court enter an Order

Dismissing the Plaintiff's Amended Complaint with Prejudice for the reasons

more fully described below and states the following, to wit:

## *RELIEF REQUESTED*

That this Court dismiss the Plaintiff's Fair Credit Reporting Act (herein after referred to as "FCRA"), claim with prejudice for failure to state a claim upon which relief can be granted because the Plaintiff's claim is time barred, and/or that the Plaintiff has failed to establish that the credit report was impermissibly procured by E&F, and/or fails to allege sufficient facts to establish a damage claim predicated upon willfulness or negligence on the part of E&F and that the FCRA claim is based upon a sham pleading.

## *JUDICIAL NOTICE*

Prior to the filing of this Motion, E&F filed a Motion with this Court to take Judicial Notice of various public records from other State and Federal actions concerning the Plaintiff. (D.E. 9). The latter Motion to take Judicial Notice was initially filed in support of E&F's Motion to Dismiss the Plaintiff's prior amended complaint. (D.E. 8). E&F's Motion was granted on other grounds and as a result of which, this Court found that E&F's Motion to Take Judicial Notice was moot and denied same without prejudice. (D.E. 27). It is the request of E&F that this Court reconsider E&F's Motion to Take Judicial Notice in support of the current Motions herein before this Court for the following reasons, to wit:

a.    RUMBOUGH has filed multiple complaints which originated in the original action and now the case at bar to date without sufficient facts to establish an FCRA claim. The public records submitted will be able to fill that void.

b.    The sworn documents in the public records in issue will exhibit that the Plaintiff cannot allege that E&F did not have a permissible purpose for pulling a credit report on the Plaintiff;

c.    Certain sworn documents from the public records in issue executed by the Plaintiff under penalties of perjury (or under oath in a deposition), will establish that the Plaintiff has filed a sham pleading; and

d.    That the FCRA Claim being asserted in time barred;

Some of he public records pertain to two State Court actions where E&F filed suit against the Plaintiff on behalf of two clients (MBNA and Oliphant Financial which RUMBOUGH mentions in his amended complaint) for non payment of a debt. The other records concern the bankruptcy filing of RUMBOUGH in this Circuit and a subsequent Federal lawsuit he filed. The documents from those cases contain sworn documents which support E&F's motion to strike a sham pleading. They also contain documents which show that the Plaintiff as early as September 28th, 2006 was on notice as to his FCRA rights and precludes his current claim as being time barred. (E.73 & 74).

All references herein to the designation (E:___), and corresponding page number adjacent thereto shall refer to the Exhibits attached to E&F's Motion to take Judicial Notice of Public Records pursuant to Rule 201(b)(1)(b) previously filed with this Court under Docket Entry 9.

## *FACTUAL BACKGROUND BETWEEN THE PLAINTIFF AND E&F*

The Plaintiff 's Amended Complaint admits that E&F filed two State Court debt collections actions filed against him. The Amended Complaint does not apprise this Court of certain dates and other salient facts necessary to establish an FCRA claim. On the face of the Amended Complaint it appears that the FCRA claim is time barred. This is supported by the public records in issue. For the purpose of convenience, below is a table identifying those chronological events that occurred by and between E&F and the Plaintiff relative to those actions among others. The table below in conjunction with the narrative thereafter details the basis upon which E&F's motions are being presented to this Court.

| Date | Event | Description | Source of Document | Exhibit # |
|------|-------|-------------|--------------------|-----------|
| May 19, 2003 | RUMBOUGH disputes Oliphant | RUMBOUGH demanded verification of the Oliphant debt | Reply to Subpoena, Case Number: 6:07-CV-1136 | E:41-46 |
| July 24, 2003 | EF File Suit Against RUMBOUGH for MBNA | Suit to domesticate Arbitration Award Against RUMBOUGH for non Payment of a debt | State Court Docket and Complaint Filed | E: 1 to 7 |
| July 31, 2005 | Suit against RUMBOUGH fro MBNA dismissed | Voluntary Dismissal filed by the Plaintiff MBNA | State Court Docket | E: 5 & 18 |
|  |  |  |  |  |

| May 31, 2005 | Oliphant files suit against RUMBOUGH | Suit against RUMBOUGH for non payment of a debt | State Court Docket and Complaint | E:19 to 33 |
|---|---|---|---|---|
| June 14, 2005 to June 7. 2006 | Attempt to serve process on RUMBOUGH | Four attempts to serve RUMBOUGH with no success | State Court Docket | E:19 to 20 |
| Sept. 28. 2006 | Dispute to credit furnisher by RUMBOUGH | Dispute to Experian by RUMBOUGH relative to purported derogatory claims asserted by HSBC/Rhodes | Deposition of RUMBOUGH March 5, 2008 under Case number: 06-07-CV-0113 | E:73 & 74 |
| October 24. 2006 | Suggestion of Bankruptcy | A Suggestion of Bankruptcy and Notice of Automatic Stay is filed by Oliphant as a result of RUMBOUGH's Bankruptcy | | E:20 |
| June 4. 2007 | RUMBOUGH files Bankruptcy | RUMBOUGH files Chapter 13 Bankruptcy | Bankruptcy Court Record | E:47 |
| July 3, 2007 | Bankruptcy | Rumough files his Bankruptcy schedules in support of Chapter 13 filings | Bankruptcy Court Records | E:49 & 54 to 72 |
| July 9. 2007 | RUMBOUGH files suit against Equifax | RUMBOUGH alleges that Equixfax among others violated his FRCA rights | | E:87 |
| October 28. 2008 | Summary Judgment Order | Summary Judgment Order entered against RUMBOUGH finding he had no basis for an FCRA complaint | | |

On July 24, 2003, E&F on behalf of MBNA America Bank, N.A. filed suit

in State Court against the Plaintiff to domesticate an Arbitration Award for non-

payment of a debt. (E: 1 & 7).  In that action, RUMBOUGH filed a third party

claim against E&F for purportedly violating his rights under the FDCPA.  (E:13).

At that point, RUMBOUGH was placed on notice that E&F was a debt collector

and had the requisite authority under the FCRA within which to pull credit bureau

reports on the Plaintiff.  (Third Party Complaint signed by RUMBOUGH E:13)

This was well before the dates that E&F pulled the credit report alleged by the Plaintiff. ( April 27th, 2005  See ¶15  D.E. 33)

Subsequent thereto, E&F filed another lawsuit against RUMBOUGH for non-payment of an un-related debt on or about May 31, 2005 for a different creditor Oliphant Financial Corporation. (E:19 & 21). Prior to the filing of the latter suit, on May 19, 2003 the Plaintiff in writing disputed the debt to Oliphant in reply to a demand made by same to the Plaintiff. [(E:41 to 46). (The foregoing written demand was provided pursuant to a Subpoena in Case Number 06:07-CV-1136 wherein the Plaintiff sued Equifax).(E:39 to 46)]. Oliphant provided to the Plaintiff verification of the debt. (E:39 to 46).

E&F was having trouble serving the Oliphant Financial Corporation suit upon the Plaintiff. (E:19, 32 & 33). The Plaintiff was avoiding service per the Sheriff. (E:33).  Before E&F could serve the Plaintiff with the Oliphant suit, he filed bankruptcy on June 4, 2007.  (E:47).  In his bankruptcy schedules filed on July 3rd, 2007  RUMBOUGH alleges that he had a FCRA action against E&F's client Oliphant Financial among others.  (E:55, 57, 58, 59 & 60).  He also included in his bankruptcy schedule the purported FDCPA claim against E&F for violation of his FDCPA rights.  (E:57, see Third Party Complaint signed by RUMBOUGH E:13).

On July 7, 2007  RUMBOUGH filed suit against Equifax Information

Systems, LLC. et al, in this district under Case Number 6:07-CV-01136-GKS-

GJK (E: 187 and E:34 to 46).    The crux of the latter cause of action alleged that

the Defendants violated the FCRA rights of  RUMBOUGH. (E:187).

Prior to the latter suit RUMBOUGH precipitated a vexatious campaign

against his credit furnishers into bullying them to remove all his purported credit

errors made against him. (E:90-186, & E:75-89, *See Also,* all disputes and

reinvestigations of same by the furnisher under seal at D.E. #55 under case number

6:07-CV-01136-GKS-GJK).  RUMBOUGH'S disputes to his credit profile were

unending, between 2004 and 2007 (E:75-89).  A typical example of  one of his

dispute's is exemplified by a letter he sent to Experian on June 7, 2007.  (See

E:73-74).   The latter notice was identified during the deposition of RUMBOUGH

under Case number: 06:07-VC-01136-GKS-GJK.  The latter written

communication executed by the Plaintiff's own hand addressed in his sworn

deposition reflects that on September 28, 2006 he had access to his credit bureau

report as it pertained to all inquires concerning his credit history.  (E:73-74).

It is apparent, that upon the filing of his bankruptcy on June 4, 2007 and the

law suit against Equifax among others on July 7, 2007, the Plaintiff had procured

innumerable credit bureau reports from the various credit furnishers concerning

his credit profile.  That in the forgoing case under 06:07-CV-01136-GKS-GJK, the

Plaintiff filed a Motion for Summary Judgment along with supporting affidavits that support the foregoing as described in (E:75-89), (E:73-74 and E:90-186). Those reports also included a reference to the credit card account issued by HSBC/Rhodes owned by E&F's client Oliphant Financial Corporation, which the Plaintiff acknowledged he did not pay. (E: 152).

Hence, by the Plaintiff's own hand, he would have been aware of any credit report inquiries by E&F or any other party on June 4, 2007 when he filed his bankruptcy (E:55, E:57-60, 68), or at the very least when he disputed his credit bureau report on June 7, 2007 (E:73-74 *See Also,* all disputes and reinvestigations of same by the furnisher under seal at D.E. #55 under case number 6:07-CV-01136-GKS-GJK), or the multiple times he disputed his credit profile between 2004 and 2007 (E:75-89), or when he filed suit against Equifax. (E:187).

## MEMORANDUM OF LAW

### *INTRODUCTION*

The Plaintiff's Amended Complaint alleges that E&F purportedly violated the FCRA by procuring a consumer report on him without a permissible purpose. (D.E. 33). Other than his conclusory bear bones allegations, the Plaintiff alleges no issues of ultimate fact to support his conclusions. (¶13 through 16 & ¶31 of D.E. 33). Based upon the foregoing de minimus facts the Plaintiff claims that

E&F willfully violated his rights by procuring a credit report without a permissible

purpose in contravention of §1681b(f).  (¶31   D.E. 33).

   The Amended Complaint once again fails to identify the following requisite

elements to establish an FCRA claim against E&F that is  sufficient facts to

exhibit that E&F willfully or negligently impermissibly procured the credit report

in issue as alleged. He merely alleges that that E&F's clients claims were baseless.

RUMBOUGHS's assertion  may have been a defense to the claims being asserted

by MBNA and OLIPHANT,  but it did not preclude E&F from pursuing a

collection claim on behalf of their clients.  RUMBOUGH is trying to suggest that

because he believed that the claims were baseless that was sufficient to preclude

E&F as debt collectors from having a permissible purpose to pull credit reports on

him. (¶13 to 16  D.E. 33).

### ***STANDARD REVIEW***

   The Federal Rules of Civil Procedure require that a Complaint give

the opposing party fair notice of their claim and the grounds upon which it rests.

Row v. Aware Women's Center for Choice, Inc., 253 F.3d. 678, 683 (11th Cir.

2001). As such, in order to survive a Motion to Dismiss, a Complaint must allege

ultimate issues of fact which give rise to the request for relief above a speculative

level. Bell Atlantic v. Twombly, 550 US 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929,

(2007), and Ascroft v. V. Iqbal, 129 S.Ct., 1937, (2009).  Conclusions of law or of

mixed facts are not sufficient to withstand a dismissal under Rule 12(b)(6).  Marsh v. Butler County, Ala., 265 F.3rd 1014, 1036 (11th Cir. 2001).  A complaint is sufficient if it puts the opposing party on reasonable notice of the nature of the claim.  California International Chemical Co. v. Neptune Pool Service, Inc. 770 F.Supp. 150, 1533 (M.D. Fla. 1993).

### THE PLAINTIFF'S COMPLAINT SHOULD BE STRIKEN AS A SHAM PLEADING PURSUANT TO RULE 12(f)

RUMBOUGH admits that E&F had precipitated two collection lawsuits for two different creditors namely MBNA and Oliphant Financial LLC.  (See ¶13 & 16, D.E. 33).  RUMBOUGH also alleges that he never owed any monies on those accounts nor was he delinquent with respect to paying those accounts.  (See ¶13 to 16 D.E. 33).  RUMBOUGH infers that by virtue of not owing any money or having had delinquent accounts with either of the above named creditors E&F did not have a permissible purpose within which to procure any credit bureau reports on him. (See ¶13 to 16  D.E. 33).

RUMBOUGH filed bankruptcy in this Circuit on June 24, 2007.  (E.20).  In support of same, on July 3, 2007 under penalties of perjury he filed his bankruptcy schedules.  (E: 52 to 72).  He listed a debt which was due to HSBC Rhode in the amount of $10,100.27.  (E:67).  Since the claim which was originally held by HSBC and was no longer owned by them,  he disputed the claim since the debt

was assigned to Oliphant Financial LLC. (e.67 to 68). This was affirmed by him

by not disputing the debt due Oliphant on his schedules. (E:68). On July 9th, 2007

RUMBOUGH filed suit against Equifax among others. (E:187). In that case

RUMBOUGH gave a deposition under oath (E:116). He admitted that he obtained

the HSBC/Rhodes credit card and he never paid the account. (E:152). Prior to the

OLIPHANT case even being filed in May 2003 RUMBOUGH was provided

verification of the debt. (E. 39 to 46).

Pursuant to Federal Rule 12(f) a party may seek to strike a sham pleading

where it is

> ... so undoubtly false as to not to be such a genuine issue of
> fact, or, a mere pretense, and set up in bad faith and without
> color or fact. Ferrell v. Seagraves 2009 W.L. 613583 (E.D.
> Tenn. 2009).

Bankruptcy schedules executed under penalty of perjury may be offered as

judicial admissions. In Re: VanCleef, 479 B.R. 809 (N.D. In., 2012). Hence the

scheduling of a debt on a bankruptcy schedule affirms the validity of a debt. In

Re: Burkett, III 329 B.R. 820 (S.D.Oh., 2005). (*See also* Larson v. Groos Bank,

N.A., 2004 B.R. 500 (W.D.Tex., 1996). This Court can take judicial notice with

respect to the sworn documents filed in other Federal actions in support of a

Motion to Dismiss and/or Strike (See Plaintiff's Motion to Take Judicial Notice

docket entry 210).

RUMBOUGH, was directed by this Court to file an amended complaint to establish that E&F did not have a permissible purpose to pull a credit report. (D.E. 27).   Hence RUMBOUGH conjured up the premise that he never owed any monies on those accounts nor was he delinquent with respect to paying those accounts. (See ¶13 to 16, D.E. 33).  He is trying to suggest that he had defenses to the debt claims which were would exhibit that the claims were baseless and by innuendo that E&F did not have a permissible purpose to pull the credit reports. The latter statements by RUMBOUGH were crafted with the sole purpose to try and create an FCRA claim that did not exist. They are anathema to his sworn testimony, bankruptcy schedules notwithstanding the verification of the debt he received from OLIPHANT. That predicated upon the foregoing, the Plaintiff's Amended Complaint should be stricken as a sham pleading.

### *THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 8(a)(8) AND 12(b)(6)*

RUMBOUGH  attempts to try and create a scenario of facts to suggest that E&F never had a permissible purpose within which to procure credit reports. (See ¶13 to 16, D.E. 33). RUMBOUGH alleges that because he never owed either of the creditors named any money the claims being asserted were baseless. (See ¶13 to 16 D.E. 33).  Hence the collection suits by E&F were inappropriate.  As a result E&F did not have a permissible purpose to pull credit reports on him.

The Plaintiff's bankruptcy schedules clearly indicate that he was indebted to Oliphant Financial and did not dispute their claim. (E:67-68). He even admitted under oath during the course of a deposition that he never paid the debt. (E:187). When taking into consideration the foregoing sworn judicial admissions by the Plaintiff against the allegations indicated in his Amended Complaint (See ¶13 to 16 D.E. 33), it is apparent that RUMBOUGH is misrepresenting material facts to this Court.

In sum, RUMBOUGH is trying to fabricate facts and circumstances to suggest that E&F did not have a permissible purpose to procure the credit reports in issue. The facts as presented do not exhibit willfulness or negligence on the part of E&F which would give rise to the damages begin sought

In order to assert a valid FCRA claim there must be appropriate allegations relative to the damages being sought by the moving party. <u>Singleton v. Domino's Pizza, LLC.</u>, 2012 W.L. 245965 (B.D.Md., 2012). Merely suggesting that a party such as E&F willfully or negligently procured a consumer credit bureau report without more is insufficient to establish a proper damage claim under FCRA. The facts alleged by the Plaintiff merely assert that the claims being asserted by the creditors MBNA and Oliphant Financial are inappropriate. Merely suggesting E&F's actions were willful or negligent for pursuing a clients claim that RUMBOUGH believed were baseless without more is insufficient to establish a

FCRA claim.  Maybe the creditors claims were baseless but that did not preclude E&F from pursuing a claim that their clients believed were legitimate.  (*See also* Evans v. Mercedes Benz Financial Services LLC., 2011 W.L. 2936198 (E.D.Mich., 2011).

The allegations asserted by the Plaintiff are clearly deficient.  When reviewing the minimal allegations against E&F, they are merely legal conclusions. Without retort there are no facts alleged to support the purported violations committed by E&F in contravention of the Plaintiff's purported rights under the FCRA.

Although this Court must accept the allegations and the Complaint as true this general rule of law is inapplicable when the "[t]hreadbare" recitals of the elements of a cause of action are supported by mere conclusory statements, which will not suffice.  Iqbal, 129 S.Ct., at 1949 "quoting Twombly, 550 U.S. at 555". Hence, where a party fails to assert the requisite facts to support the elements for a purported violation of §1681(b)(f), the Complaint will be dismissed for failure to state a cause of action.  Pyle II v. First National Collection Bureau, 2012 W.L. 1413970 (E.D. Cal., 2012).  When reviewing the purported claims of the Plaintiff he offers no facts to support how E&F's actions were willful or negligent or how he was damaged.

## THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURUSANT TO RULE 12(b)(6) IN THAT THE FCRA CLAIM IS TIME BARRED

Where a party fails to timely file a cause of action the issue of the statute of limitations may be raised by motion. Kelly v. Lee County Mosquito Control District, 2006 W.L. 2078100 (M.D. Fla. 2006). [See also Oshiver v. Levin, Fishbean, Sedran & Berman, 48 F.3d. 1380, (C.A., 3d. 1994)]. Where a party makes a claim under the FCRA, they must seek to enforce any action no later than 2 years after the date of the discovery of the purported violation or 5 years after the date that the alleged violation occurred. 15 U.S.C. §1681(p). The shorter term of limitation of actions provision is applicable when the consumer is on inquiry notice. Willey v. J.P. Morgan Chase, N.A., 2009 W.L. 1938987 (S.D.N.Y., 2009). In such circumstances this Court can take judicial notice of various public records to determine when a party was on inquiry notice of a possible FCRA violation. Andresakis v. Capital One Bank (USA), N.A., 2011 W.L. 846830 (S.D. N.Y., 2011).

During the course of a deposition, in the Plaintiff's lawsuit against Equifax (under Case Number: 06:07-CV-01136-GKS-GJK) he sent a letter to Experian on June 7, 2007 contesting various purported derogatory information in his credit profile. (E.73 to 74) He referred to a prior letter he sent to same on September 28th, 2006. At that moment, the Plaintiff was on Inquiry Notice that if

he had any derogatory information by any creditor including but not limited to E&F his right to pursue and FCRA claim was activated on September 28, 2006 or at the very latest June 7, 2007. Even if the Plaintiff was not on inquiry notice at that juncture, there were several other opportunities where the Plaintiff was placed on notice to exercise his rights to the extent they existed to pursue an FCRA claim.

On June 4, 2007, the Plaintiff filed bankruptcy. (E:47). Within his bankruptcy schedules the Plaintiff indicted that he had potential FCRA claims against a large number of parties. (E:55-60). He included within that disclosure that he had a potential FDCPA claim against E&F. (E:57 & E:13) and a possible FCRA claim against E&F's client Oliphant Financial. (E:57).

On July 9, 2007 the Plaintiff filed suit for purported violations of his FCRA rights against Equixfax Information Services LLC., Experian Information Solutions Inc., and Transunion LLC. (See E:187). During the course of the latter litigation, it was also established that the Plaintiff tried to reverse all the credit entries in his credit bureau on a consistent basis from on or about 2004, through and including 2007. (E:75-89). The Plaintiff disputed each credit entry in his credit bureau including the one involving E&F's client Oliphant Financial with respect to the HSBC/Rhodes account which they purchased from December 27, 2004 through and including June 13, 2007. (E:87-88 and E:57 and E:68).

Although specifically disputing his complete credit profile between 2004 and 2007 (E:75-89 *See Also,* all disputes and reinvestigations of same by the furnisher under seal at D.E. #55 under case number  6:07-CV-01136-GKS-GJK), the Plaintiff in his bankruptcy filing indicated his desire to pursue FCRA claims against multiple parties on June 4, 2007 (E:55-60).  The latter coupled with his dispute on June 7, 2007 (E:73-74), along with his suit against Equifax among others (E:187), definitively placed the Plaintiff on notice of his rights to pursue his purported FCRA claims if any against any other party from 2004 through July 7, 2007.

By virtue of the Plaintiff having not exercised or pursuing his purported FCRA claims within two years after being placed on Notice of same, his claims against E&F were not timely filed in the case at bar. By virtue of same, the above captioned cause of action should be dismissed with prejudice as time barred.

## *PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) IN THAT E&F HAD A PERMISSIBLE PURPOSE WITHIN WHICH TO OBTAIN A CREDIT REPORT ON THE PLAINTIFF*

Before an authorized user may procure a consumer credit report, it can only be for one of the permissible purposes listed in §1682(b).  <u>Adams v. Lexis Nexis Risk & Information Analytics Group Inc.</u>, 2010 W.L. 1931135 (D.N.J., 2010). [*See also* <u>Edge v. Professional Claims Bureau Inc.</u>, 64 F.Supp.2d. 115

(N.E.D.N.Y. 1999)].  It is also permissible to request or procure a consumer credit report when attempting to collect an assigned debt.  Ostrander v. Unifund Corporation, 2008 W.L. 850329 (W.D.N.Y. 2008).  By the same token, using a credit bureau to collect a debt from a person where a debt collector is trying to locate a new address for service of process is also an acceptable purpose. Cappetta v. GC Services Limited Partnership, 654 F.Supp.2d. 453 (E.D.Va., 2009).  Hence where a law firm (such as E&F) is attempting to collect an assigned debt for a client it has the requisite authority within which to obtain a credit bureau report for the purposes of collecting that debt.  Tonnie v. Mandarich Law Group, LLP, et al., 2012 W.L. 2726761 (S.D. Cal., 2012).  By virtue of the foregoing it is not necessary for a debt collector to have direct dealings with a consumer in order to have a permissible purpose to obtain a credit bureau report if they are collecting a debt.  Pyle II v. First National Collection Bureau, 2012 W.L. 1413970 (E.D. Cal., 2012).

This Court previously granted E&F's motion for more definite statement directed towards the Plaintiff's last Amended Complaint (D.E. 27).  The primary basis for which this Court's order was entered was the fact that the Plaintiff's Amended Complaint did not allege an impermissible purpose which would have given him the ability to pursue an FCRA action against E&F.  The Plaintiff has once again has failed to allege that E&F improperly procured a credit report for an

impermissible purpose. This time the Plaintiff admits that E&F filed two debt collection lawsuits against him in State Court. (See ¶13 to 16 D.E. 27). Hence RUMBOUGH by his own hand admits that E&F as a debt collector had legitimate authority to pull credit bureau reports on him. RUMBOUGH states that both State Court collection actions were improper in that he did not owe any money to both creditors in those actions. (See ¶13 to 16 D.E. 27). Granted he may have defenses to the creditors claims and believes that they were baseless, but that did not mean E&F did not have a right as a debt collector to pursue those cases on behalf of their clients. Nor did it preclude them as debt collectors from pulling credit reports on RUMBOUGH. Nevertheless RUMBOUGH's statements that he never owed the debt to OLPIHANT as previously noted above are anathema to his own sworn statements in his bankruptcy schedule and deposition. (E: 67-68 & E:152). By virtue of the foregoing, it is apparent that E&F as a debt collector for   had the requisite authority within which to procure a credit report regarding the Plaintiff with respect to the collection of the debt in issue. As such the claim being asserted by the Plaintiff against E&F should be dismissed with prejudice.

WHEREFORE, all premises considered, it is request of E&F that this Honorable Court entertain the following relief as follows;

1.     Dismiss the Plaintiff's Complaint against E&F with prejudice; or

2.    Strike the Plaintiff's Amended Complaint as a sham pleading with

prejudice.

Respectfully Submitted By:
Stanley B. Erskine, Esquire
The Law Offices
ERSKINE & FLEISHER
Attorneys for  Defendant
Suite 300, 55 Weston Road
Fort Lauderdale, Florida  33326
Telephone No. (954) 384-1490
Telecopier No. (954) 384-4088
Email: Stanley_Erskine@Eflaw.net

By: _____
Stanley B. Erskine, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss and Motion to Strike a Sham Pleading and Renewed Motion to Take Judicial Notice is support thereo was electronically filed with the Clerk of the above Court by using the CM/ECF system on the __15th__ day of December 2012, which will send notice of the electronic filing of the foregoing to all parties of record.

By: _____
STANLEY B. ERSKINE, Esquire